**Sing JEN, Petitioner,**

v.

**ATTORNEY GENERAL, USA, Respondent.**

**No. 02–4777.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2005.

Yong Wang, New York, NY, for Petitioner.

Carolyn M. Picotti, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and CEDARBAUM, District Judge.[*]

[*] Hon. Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner Sing Jen ("Jen") petitions for review of an October 24, 2002 order of the BIA affirming the decision of an Immigration Judge ("IJ") to pretermit his application for asylum and to deny his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case. On this appeal, Jen principally challenges the BIA's determination that he failed to establish eligibility for relief under the CAT on the basis of his detention and his wife's alleged forcible sterilization. Jen's single, wholly conclusory statement that if he is returned to China he would be arrested and persecuted is not sufficient objective evidence to satisfy the CAT's standard that he will more likely than not be tortured upon his return to China. *See Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

To the extent that Jen challenges the BIA's finding that he failed to establish eligibility for withholding of removal independent of the CAT claim,[1] we reject the challenge. The BIA did not err in affirming the IJ's finding that Jen's failure to submit corroborating evidence undermined his claim. *See Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003) (holding that "an immigration judge has the authority to deny eligibility for asylum in some cases where the applicant has failed to provide certain corroborative documents, even though the applicant testified credibly to facts that, if true, would qualify h[im] for refugee status," so long as the IJ identifies the missing documents and establishes their availability); *see also Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000); *In re S–M–J–,* 21 I. & N. Dec. 722, 724 (BIA 1997). In particular, the BIA did not err in af-

firming the IJ's determination that a corroborative affidavit from Jen's wife, with whom he remained in contact after leaving China and who supplied documentary exhibits, was both highly material to Jen's claim and readily available. *See Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004) (noting that an IJ could reasonably require an affidavit from an applicant's spouse where she sent other documentary evidence).

For the foregoing reasons, the petition for review is DENIED.

---

1. Jen does not challenge the IJ's finding that his asylum claim was untimely under 8 U.S.C. § 1158(a)(2).